Lawrence Spasojevich (LS 0945)
Imran Ansari (IA 1978)
Aidala, Bertuna & Kamins, P.C.
*Attorneys for Plaintiff*
546 5th Avenue
New York, New York 10036
Tele:   (212) 486-0011
Email: ls@aidalalaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOEL CHIRIBOGA,

CASE NO.

Plaintiff,       **COMPLAINT**

-against-

BROOKLYN NAVY YARD DEVELOPMENT CORPORATION,

ECF Case,

Defendant(s).

---

Plaintiff, JOEL CHIRIBOGA, on behalf of Plaintiff, by and through the undersigned attorneys,

Lawrence Spasojevich, Esq. and Imran Ansari, Esq., hereby files this Complaint against

Defendant(s), BROOKLYN NAVY YARD DEVELOPMENT CORPORATION (collectively

"Defendant(s)"), and states as follows:

## INTRODUCTION

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff is entitled to recover from Defendant(s): (1) unpaid wages at the regular wage rate; (2) unpaid wages at the overtime wage rate; (2) prejudgment and post-judgment interest; and (3) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), Plaintiff is entitled to recover from the Defendant(s): (1) unpaid wages at the regular wage rate; (2) unpaid wages at the overtime wage rate; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

3.      Finally, Plaintiff alleges that, under 29 U.S.C. § 2615(a), Defendant interfered with Plaintiff exercising her rights under the Family Medical Leave Act (hereinafter "FMLA") by failing to notify Plaintiff of his FMLA rights and terminating him and, therefore, is entitle to recover from Defendant: (1) statutory damages for lost wages, benefits, and other compensation, plus interest at the statutory rate; (2) liquidated damages equal to the amount of statutory damages award above; (3) equitable relief in the form of front pay, as considered by the Court; (5) equitable relief in the form of compensable damage for pain, suffering, and loss as a result of Defendant's violations; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337, and 1343, and has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in the EASTERN DISTRICT pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

6.      Plaintiff, JOEL CHIRIBOGA, is an adult resident of Kings County, New York.

7.      Upon information and belief, Defendant, BROOKLYN NAVY YARD DEVELOPMENT
CORPORATION is a domestic non-for profit corporation, organized and existing under the laws
of the State of New York, with a place of business located at 63 Flushing Avenue
Unit #300 Brooklyn, New York, 11205.

8.      At all relevant times, Defendant, BROOKLYN NAVY YARD DEVELOPMENT
CORPORATION was, and continues to be, an "enterprise engaged in commerce" within the
meaning of the FLSA.

9.      At all times relevant, Defendant was an employer within the meaning of § 101(4) of the
FMLA, 29 U.S.C. § 2611(4), as amended, employing over fifty (50) or more employees for each
working day during each of twenty (20) or more calendar workweeks in the current or proceeding
calendar year.

10.     At all relevant times, the work performed by Plaintiff was directly essential to the business
operated by Defendant(s).

## STATEMENT OF FACTS

### Facts Relevant to Plaintiff's FLSA and NYLL Wage Claims

11.     Defendant employed Plaintiff as an engineer and fire safety inspector from November 2017
through February 2020.

12.     Defendant compensated Plaintiff at a salary rate of $85,000.00 from October 30, 2017 to
November 2017 and $105,000.00 from November 2017 until the termination of his employment
for forty (40) hours of work.

13.     Plaintiff was a "blue collar employee" as defined by 29 C.F.R. § 541.3.

3

14.     From November 2017 until November 2018, Plaintiff worked approximately from 7:00 a.m. to 5:00 p.m., five (5) days a week Monday through Friday for a total of fifty (50) years.

15.     From November 2018 until his termination, Plaintiff worked from 7:00 a.m. to 4:00 p.m., five days a week, Monday through Friday for a total of (45) hours.

16.     Further, Plaintiff was on-call and, twice a month, would have to report to work for approximately four (4) to five (5) hours for instances such as: elevator entrapments, fire alarms, access requests.

17.     Therefore, Plaintiff was not properly compensated wages for all hours worked or at the overtime wage rate for all hours worked over forty (40) in a workweek.

18.     Defendant(s) knowingly and willfully operated business with a policy of not paying Plaintiff wages for hours worked and all hours worked over forty (40) hours in a week at the overtime wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

19.     At all relevant times, upon information and belief, and during Plaintiff's employment, the Defendant(s) failed to maintain accurate and sufficient time records.

20.     Defendant(s) did not provide Plaintiff with an accurate wage statement or summary, accurately accounting for the actual hours worked, and setting forth the hourly rate of pay and overtime wages.

21.     Upon information and belief, this was done in order to disguise the actual number of hours the Plaintiff worked and to avoid paying the overtime wage for all hours worked over forty (40) hours in a week.

22.     Defendant(s) willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

## Facts Relevant to Plaintiff's FMLA Claim

23.     At all times relevant herein, Defendant was an employer within the meaning of § 101(4) of the FMLA, 29 U.S.C. § 2611(4), as amended, employing over fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or proceeding calendar year.

24.     At all times relevant herein, Plaintiff had worked for more than twelve (12) months and more than 1,250 hours in the immediately prior twelve (12) months for Defendant.

25.     Plaintiff, thus, was an "eligible employee" of Defendant within the meaning of § 101(2) of the FMLA, 29 U.S.C. § 2611(2), as amended, and was an employee of Defendant who was entitled to leave under § 102(a)(1)(d) of the FMLA, 29 U.S.C. § 2612(a)(1)(D), as amended.

26.     At all times relevant herein, Plaintiff was qualified for his position as an engineer and fire safety inspector.

27.     All at times relevant herein, Defendant had actual and constructive notice that Plaintiff suffered from cirrhosis of the liver since September 2019.

28.     Specifically, on or about September 2, 2019, PLaintiff was admitted to the hospital and received a diagnosis of cirrhosis of the liver.

29.     Plaintiff remained out of work until on or about September 9, 2019.

30.     Plaintiff then returned to the hospital on September 13, 2019, was admitted until September 15, 2019, and remained home for about two weeks.

31.     On February 10, 2020, Plaintiff  appeared to his physician for a scheduled appointment.

32.     As a result of the appointment, Plaintiff was immediately admitted for emergency care at Long Island Jewish Hospital in New Hyde Park related to his serious health condition.

33.     Plaintiff notified his supervisor, Simone Bailey, the same day that he was going to be admitted to the Long Island Jewish Hospital in New Hyde Park via text message for identifinte period.

34.     Throughout the week, Plaintiff continued to notify Ms. Bailey that he was still admitted to the Long Island Jewish Hospital in New Hyde Park for emergency care, which may lead to a liver transplant.

35.     Plaintiff was discharged on February 14, 2020.

36.     On February 18, 2020, Plaintiff attempted to return to work.

37.     Upon arriving at work, Corey Walker, an human resources representative for Defendant, notified Plaintiff that he was terminated for "no-call/no-show".

38.     At no point did Defendant, by or through any of its agents or employees, advise or provide notice to Plaintiff of his FMLA rights.

39.     At no point in the calendar year did Plaintiff excerise his rights under the FMLA.

40.     By failing to provide notice and terminating Plaintiff, Defendant interfered with Plaintiff's rights under the FMLA.

41.     Plaintiff has been substantially damaged by the Defendant(s)' wrongful conduct.

**COUNT 1**
**[Violation of the Fair Labor Standards Act]**

42.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "41" of this Complaint as if fully set forth herein.

6

43.     At all relevant times, upon information and belief, Defendant(s) was/were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

44.     At all relevant times, Defendant(s) employed Plaintiff within the meaning of the FLSA.

45.     Upon information and belief, at all relevant times, Defendant(s) has/have had gross revenues in excess of $500,000.

46.     Plaintiff was entitled to be paid for all hours worked over forty (40) hours in a week at the overtime wage rate as provided for in the FLSA.

47.     Defendant(s) failed to pay Plaintiff compensation in the lawful amount for all hours worked over forty (40) hours in a week as provided for in the FLSA.

48.     At all relevant times, each of the Defendant(s) had, and continue to have a policy and practice of refusing to pay Plaintiff for all hours worked over forty (40) hours in a workweek at the overtime wage rate which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

49.     Defendant(s) knowingly and willfully disregarded the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff for all hours worked over forty (40) hours in week at the overtime wage rate when they knew or should have known such was due and that non-payment of a wage at the overtime rate would financially injure Plaintiff.

50.     Defendant(s) have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

51.     Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant(s). Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

52.     Defendant(s) failed to properly disclose or apprise Plaintiff of the rights under the FLSA.

53.     As a direct and proximate result of Defendant(s)' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

54.     Due to the intentional, willful, and unlawful acts of the Defendant(s), Plaintiff suffered damages in an amount not presently ascertainable unpaid wages at the overtime wage rate, an equal amount as liquidated damages, and prejudgment interest thereon.

55.     Plaintiff is entitled to an award of his reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

### COUNT 2
### [Violation of the New York Labor Laws]

56.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "55" of this Complaint as if fully set forth herein.

57.     The wage provisions of the NYLL apply to Defendant(s) and protect the Plaintiff.

58.     Defendant(s), pursuant to their policies and practices, refused and failed to pay the earned wage at the overtime wage rate to Plaintiff for all hours worked over forty (40) hours in week.

59.     By failing to compensate Plaintiff a wage for all hours worked over forty (40) hours in a week at the overtime wage rate, Defendant(s) violated Plaintiff's statutory rights under the NYLL.

60.     The preceding conduct, as alleged, constitutes a willful violation of the NYLL without a sound or reasonable basis.

61.    Therefore, Defendant(s) knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff compensation for all hours worked over forty (40) hours in a workweek at the overtime wage rate.

62.    Due to the Defendant(s)' NYLL violations, Plaintiff is entitled to recover from Defendant(s) unpaid wages at the overtime wage rate, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and§ 198.

63.    Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1).

**COUNT 3**
**[Failure to provide a Wage Notice]**

64.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "63" of this Complaint as if fully set forth herein.

65.    The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular payday.

66.    Defendant(s) has/have willfully failed to supply Plaintiff with an accurate wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of employment.

67.    Through its knowing or intentional failure to provide the Plaintiff with the wage notice required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

68.    Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty ($50.00) dollars each day that Defendant(s) failed to provide Plaintiff with an accurate wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 4
### [Failure to provide Wage Statements]

69.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "68" of this Complaint as if fully set forth herein.

70.     Defendant(s) has/have willfully failed to supply Plaintiff with an accurate wage statement, as required by NYLL, § 195(3).

71.     Through knowingly or intentionally failing to provide the Plaintiff with an accurate wage statement as required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

72.     Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendant(s) failed to provide Plaintiff with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## COUNT 5
### [Interference in Violation of 29 U.S.C. § 2615(b)]

73.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "72" of this Complaint as if fully set forth herein.

74.     At all times relevant herein, Defendant was an employer within the meaning of § 101(4) of the FMLA, 29 U.S.C. § 2611(4), as amended, employing over fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or proceeding calendar year.

75.     At all times relevant herein, Plaintiff had worked for more than twelve (12) months and more than 1,250 hours in the immediately prior twelve (12) months for Defendant.

10

76.     Plaintiff, thus, was an "eligible employee" of Defendant within the meaning of § 101(2) of the FMLA, 29 U.S.C. § 2611(2), as amended, and was an employee of Defendant who was entitled to leave under § 102(a)(1)(d) of the FMLA, 29 U.S.C. § 2612(a)(1)(D), as amended.

77.     By failing to provide Plaintiff proper and immediate notice as required under the FMLA, Defendant interfered and, therefore, violated FMLA, 29 U.S.C. § 2615, as amended.

78.     Defendant's actions were willful.

79.     As a result of Defendant's wrongful conduct, Plaintiff has suffered, and will continue to suffer, irreparable injury, lost wages and benefits, other monetary damages, mental anguish, emotional distress, humiliation, and other compensable damages, all in amounts to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that this Court grant the following relief:

(a)     An award of unpaid wages at the regular wage rate and the overtime wage rate due under the FLSA;

(b)     An award of liquidated damages as a result of Defendant(s)' failure to pay wages at the regular wage rate and the overtime wage rate pursuant to 29 U.S.C. § 216;

(c)     An award of unpaid wages at the regular wage rate and the overtime wage rate under the NYLL;

(d)     An award of liquidated damages and statutory penalties as a result of Defendant(s)' failure to pay wages at the regular wage rate and the overtime wage rate, failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to the NYLL;

(e)     An award of statutory damages for lost wages, benefits, and other compensation under the FMLA;

(f)     An award of liquidated damages equal to the amount of statutory damages awarded under the FMLA;

(g)     An award of equitable relief in the form of front pay, as considered by the Court, under the FMLA;

(h)     An award of equitable relief in the form of compensable damage for pain, suffering, and loss as a result of Defendant's violations of the FMLA;

(i)     An award of prejudgment and post-judgment interest;

(j)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(k)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       June 8, 2020

Respectfully submitted

By:_____
    Lawrence Spasojevich (LS 0945)

By:_____
    Imran Ansari (IA 1978)

12